**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   EIGHT BULLS, LP

                                                                             Chapter 7
                                                                             Case No. 09-29356 (RTL)

        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANDREA DOBIN, Trustee,

                                                                             Adversary Proceeding
                    Plaintiff,            Case No. 10-1994 (RTL)
        v.

TIMOTHY J. SHEEHAN and
BARBARA E. SHEEHAN,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

Sterns & Weinroth, P.C.
Andrea Dobin, Esq.
Attorney for Plaintiff/Trustee

Timothy J. Sheehan and
Barbara E. Sheehan,
Defendants Pro Se

**RAYMOND T. LYONS, U.S.B.J.**

      Chapter 7 Trustee Andrea Dobin, Plaintiff, moves for summary judgment in this adversary proceeding to avoid the interests of Timothy and Barbara Sheehan, Defendants, in property listed on the bankruptcy petition filed by Debtor, Eight Bulls, LP.  Because (1) the deeds to the

1

Sheehans were not recorded as of the date of Debtor's petition, (2) New Jersey state law allows a bona fide purchaser to take free of unrecorded interests, and (3) the Bankruptcy Code provides Trustee Dobin with the rights and powers of a bona fide purchaser, Trustee Dobin may avoid the Sheehans' interests.

## I.      JURISDICTION

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code, or arising in or related to a case under Title 11, to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (K), (N), and (O).

## II.     PROCEDURAL HISTORY

Debtor filed a Chapter 11 bankruptcy petition on July 27, 2009, listing ownership on Schedule A of 3 lots of real property, commonly known as Lots 16, 17, and 18 in Block 2102, on the current official Tax Map of Princeton Township, Mercer County, New Jersey. On January 29, 2010, the case was converted to Chapter 7.

On June 23, 2010, prior to the filing of this adversary action, Trustee Dobin moved to sell the 3 lots pursuant to 11 U.S.C. § 363. The Sheehans objected to the sale on several grounds, including their interest in the property. Prior to disposition of the sale motion, Trustee Dobin initiated this adversary action to avoid the Sheehans' interests in the lots. This Court approved the sale, free and clear of any interest held by the Sheehans in the properties, because there was a bona fide dispute. 11 U.S.C. § 363(f)(4) (2010).

In the instant adversary proceeding, Trustee Dobin seeks to use her 11 U.S.C. § 544 "strong-arm" powers to avoid the Sheehans' interests in the 3 lots.

2

### III.  **FACTS**

The relevant facts are undisputed. Debtor listed Lots 16, 17, and 18 on its initial bankruptcy petition, filed July 27, 2009.  Timothy Sheehan prepared and filed the petition, schedules, and Statement of Financial Affairs on behalf of Debtor, as its sole surviving partner.  As of that date, and as recently as January 22, 2010, Debtor was the record owner of these lots.

The bankruptcy was filed to obtain the benefit of the automatic stay.  Local property taxes had not been paid for years and a state court had ordered the property sold.  The bankruptcy stopped the state court sale.

On July 8, 2010, (nearly a year after the bankruptcy filing, and just weeks after Trustee Dobin moved to sell the lots), Mr. Sheehan recorded a deed dated March 27, 2007, conveying Lots 16 and 18 from Debtor to himself.  The Sheehans also adduced an unrecorded deed, dated October 11, 1999, conveying Lot 17 from Debtor to Mrs. Sheehan.  At oral argument, Mr. Sheehan produced this deed,[1] which he admitted was unrecorded.

As of the bankruptcy filing, the Sheehans were involved in state court litigation involving the lots in question.  In that case, a neighboring homeowners' association brought a quiet title action against Debtor and the Sheehans, regarding an easement claimed by the Sheehans against the neighboring property.

Based on documents presented by Mr. Sheehan at oral argument, it appears that, throughout the state court litigation and in this bankruptcy case, the Sheehans have taken varying positions as to the ownership of the lots.  The only consistency in these positions has been their unwavering amenability to whatever legal argument the Sheehans were advancing at the time.

---

[1]  This deed was in fact an exhibit in Mrs. Sheehan's previous personal bankruptcy, filed in this court in the year 2000, as case number 00-55534 RTL.

First, in the state court matter, Mr. Sheehan submitted an affidavit certifying his ownership of Lot 18 by virtue of the unrecorded deed from Debtor.  At that time, his ownership of Lot 18 allowed him to moot a standing issue raised by the plaintiffs in that action.  Later, in filing the Chapter 11 petition for the partnership, Mr. Sheehan listed the lots as property of the estate without disclosing any unrecorded deeds.  He sought the benefit of the automatic stay to stop the sale for unpaid taxes.  Then, in the very same quiet-title action where he had previously asserted that he owned Lot 18, Mr. Sheehan proceeded to argue that Debtor's bankruptcy filing should stay the state court litigation because Lot 18 was property of the bankruptcy estate.  Now, the Sheehans argue that none of the lots belong to Debtor, because of the unrecorded deeds.  It appears that the Sheehans delayed recording the March 2007 deed in order to facilitate their ability to argue these factually inconsistent positions.

The Sheehans argue that ownership of the lots was resolved in a June 30, 2010, opinion in the quiet-title action, denying summary judgment to the plaintiffs in that matter.  The relevant language from that opinion is found in a list of undisputed facts and states:

> 2.  Defendant, Timothy Sheehan, currently owns Block 2102, Lot 18 (the "Sheehan Defendants' Property").  When this lawsuit began, the subject property was owned by defendant Eight Bulls, a family-owned company controlled by Mr. Sheehan.  Mr. Sheehan subsequently executed a deed on behalf of Eight Bulls to himself.
> . . .
>
> 14.  In 1979, 146 Dundas Corporation sought preliminary subdivision and site plan approval for a 10-lot subdivision on what is now the Sheehan Defendants' Property (now Lot 18), as well as two adjacent lots (currently known as lots 16 and 17) owned by defendants Barbara and Timothy Sheehan.

*Preserve Homeowners Ass'n, Inc. v. Eight Bulls*, No. MER-C-44-06 (N.J. Super. Ct. Ch. Div. June 30, 2010) (order denying motion for summary judgment).

## IV.     <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate where "the pleadings, the discovery, and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). As the Supreme Court has indicated, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 323). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Issues of material fact are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. An issue is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted). If the moving party will bear the burden of persuasion at trial, the party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial. *Celotex Corp.*, 477 U.S. at 331. Such an affirmative showing shifts the "burden of production" to the party opposing the motion and requires the party to either demonstrate the existence of a "genuine issue" for trial or to request

additional time for discovery under Rule 56(f). FED. R. CIV. P. 56(e).

Once the moving party establishes the absence of a genuine issue of material fact, however, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine issue of material fact for trial. FED. R. CIV. P. 56(e) (providing that in response to a summary judgment motion the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial"). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.*, 463 F.2d 1141, 1146 (3d Cir. 1972). If the non-moving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 249-50. The non-movant will prevail only if the evidence produced is of "sufficient quantum and quality" to allow a rational and fair-minded fact finder to return a verdict in his favor, bearing in mind the applicable standard of proof that would apply at trial on the merits. *Id*. at 249.

**V.    DISCUSSION**

   a. Avoidance under "Strong-Arm" Powers and State Law

A trustee "may avoid any transfer of property of the debtor . . . that is voidable by . . . a bona fide purchaser of real property . . . that obtains the status of bona fide purchaser and has perfected such transfer at the time of commencement of the case, whether or not such a purchaser exists."  11 U.S.C. § 544(a)(3) (2010).

This power exists "without regard to any knowledge of the trustee or any creditor."  11

6

U.S.C. § 544(a) (2010).   That is, the "trustee can exercise rights as a bona fide purchaser at the time of the commencement of the case regardless of actual knowledge."   5 COLLIER ON BANKRUPTCY ¶ 544.05 (Alan J. Resnick & Henry J. Sommer eds., 15th ed. rev.); *see also Ridings at Brandywine Assocs., LP v. Citizens Bank*, No. 08-2788 (RMB), 2008 U.S. Dist. LEXIS 66568 (D.N.J. Aug. 29, 2008) ("[Section] 544 requires that the trustee's 'actual knowledge' be disregarded for purposes of determining whether he qualifies as a bona fide purchaser."); *McCannon v. Marston*, 679 F.2d 13, 16 (3d Cir. 1982) (endorsing legislative history indicating that "the trustee's status as hypothetical lien creditor should not be affected by any knowledge which he, personally, or any or all creditors may have").

Thus, as a matter of law, Trustee Dobin maintains the status of a bona-fide purchaser without notice, perfected as of the petition date, July 27, 2009.[2]   Under New Jersey's race-notice recording regime, a bona-fide purchaser without notice obtains a superior interest to the holder of an unrecorded deed, provided the purchaser perfects before the unrecorded deed-holder does. N.J. STAT. ANN. § 46:22-1 (2010).   *See also Buccolo v. Buccolo (In re Buccolo)*, No. 05-02819 (RTL), 2006 Bankr. LEXIS 4078, 11-12 (Bankr. D.N.J. Jan. 11, 2006).   Specifically, the statute provides:

> Every deed or instrument . . . shall, *until duly recorded . . .*, *be void and of no effect* against subsequent judgment creditors without notice, and against all subsequent bona fide purchasers and mortgagees for valuable consideration, not having notice thereof, whose deed shall have been first duly recorded or whose mortgage shall have been first duly recorded or registered . . . .

*Id*. (emphasis added).

Mr. Sheehan did not perfect his unrecorded interest until July 8, 2010.   Mrs. Sheehan has

---

[2] The conversion did not affect the operative commencement date for § 544 purposes. 11 U.S.C. § 348 (2010).

7

not recorded the deed evidencing her interest. Trustee Dobin's rights to the lots are superior to the Sheehans' unrecorded ownership interests, which may therefore be avoided.

The Sheehans' primary argument to the contrary focuses on Trustee Dobin's actual knowledge of the unrecorded transfers. As discussed above, any notice she may have had is irrelevant, and this argument is legally unsupportable. To the extent that actual notice is disputed, it is not a material fact.

Trustee Dobin also argues that she may avoid the Sheehans' interests under her powers as a judgment lien creditor without notice, as provided by 11 U.S.C. § 544(a)(1). In New Jersey, the rights of a judgment lien creditor without notice are also superior to those of a holder of an unrecorded deed, pursuant to the same race-notice statute. N.J. STAT. ANN. § 46:22-1 (2010).

   b. The Sheehans' Other Arguments

The Sheehans' remaining arguments, jurisdictional or procedural in nature, do not change the outcome. Essentially, they argue that this Court lacks subject matter jurisdiction to decide the instant matter because ownership of the lots was already decided in the state court proceeding. In particular, the Sheehans reference the June 30, 2010 denial of summary judgment.

   i. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is the first basis under which the Sheehans argue the lack of subject matter jurisdiction. This doctrine is inapplicable here, based on a recent Supreme Court[3] decision limiting its scope:

---

[3] Trustee Dobin cites a different test, formulated by the Third Circuit, involving an inquiry into whether the claim is "inextricably intertwined" with the state law judgment. This test appears to have been superseded by *Exxon*. *See Goodson v. Maggi*, No. 08-44, 2009 U.S. Dist. LEXIS 123125, *16 (W.D. Pa. Dec. 21, 2009) ("More recently, however, the court of appeals has cautioned that reliance on its pre-*Exxon* formulation of the *Rooker-Feldman* doctrine, and in particular the "inextricably intertwined" prong, may no longer be appropriate.") (citing Third Circuit opinions).

8

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)

Trustee Dobin, however, cannot be characterized as a "state-court loser complaining of injuries caused by" the cited judgment. This language requires identity, or at least privity, between the state court loser and the federal court filer. *See Galtieri v. Kelly*, 441 F. Supp. 2d 447, 456 (E.D.N.Y. 2006) ("The first procedural requirement determines whether there is a common identity between the party who lost in state court and the party who filed the suit in federal court."); *see also Roberts v. Conway*, No. 2:09-cv-5622 (SDW), 2010 U.S. Dist. LEXIS 78453, n.4 (D.N.J. Aug. 3, 2010) (*Rooker-Feldman* "usually will not bar actions by prior non-parties even if they would be in privity with a state court loser."). Trustee Dobin was not a party to the quiet title action brought by the neighboring homeowners' association.

Furthermore, the decision was not rendered before the instant bankruptcy proceedings commenced. To be sure, the decision was rendered before the instant *adversary* proceeding commenced; however, it seems that the more appropriate date for these purposes would relate to when the federal court obtained jurisdiction over the subject property, which in this case is the date of the petition.

    ii.  <u>Res Judicata</u>

The Sheehans' second jurisdictional argument involves the more traditional preclusion doctrine of res judicata, or claim preclusion. Contrary to the Sheehans' papers, preclusion is not a

jurisdictional matter. *See Exxon*, 544 U.S. at 293 (citing FED. RULE CIV. P. 8(c) as listing res judicata as an affirmative defense).

Preclusion in federal courts is governed by the Full Faith and Credit Act, 28 U.S.C. § 1738 (2010), which incorporates state-law preclusion rules. *See Exxon*, 544 U.S. at 293 ("state law determines whether the defendant prevails under principles of preclusion"); *Acierno v. Haggerty*, No. 04-1376-KAJ, 2005 U.S. Dist. LEXIS 30353 (D. Del. Nov. 23, 2005) (applying state preclusion rules under 28 U.S.C. § 1738). New Jersey law requires the following elements for res judicata:

> (1) the final judgment in the prior action must be valid, final, and on the merits;
>
> (2) the parties in the later action must be identical to or in privity with those in the prior action; and
>
> (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Balthazar v. Atl. City Med. Ctr.*, 137 Fed. Appx. 482, 489 (3d Cir. 2005) (citing *McNeil v. Legislative Apportionment Comm'n of the State of N.J.*, 828 A.2d 840, 859 (N.J. 2003)). *See also Opdycke v. Stout*, 233 Fed. Appx. 125, 130 (3d Cir. 2007) (applying New Jersey's Entire Controversy Doctrine under 28 U.S.C. § 1738).

As discussed above, identity or privity is lacking here between the parties in the federal action and the parties in the state action. Thus, res judicata is not applicable.

This doctrine is also inapplicable because the issue – validity of the Sheehans' unrecorded interest as against a bona fide purchaser's recorded interest – was not litigated in the state court proceeding. The state court proceeding determined that the Sheehans had a sufficient ownership interest in the lots to maintain that proceeding. Trustee Dobin does not dispute this fact. Rather,

Trustee Dobin's claim is that the Sheehans' unrecorded ownership interest is inferior to that of a first-to-record bona fide purchaser. Trustee Dobin's success on this claim is not inconsistent with the state court decision.

This last point underscores the significance of the privity requirements in these doctrines. The state court proceeding was intended to resolve rights as between the parties involved; it was not an *in rem* proceeding to resolve the Sheehans' rights to the property as against any future litigants.

Notably, even New Jersey's broad joinder rules, embodied in the Entire Controversy Doctrine, do not apply to non-parties in the original litigation. *See Erenberg v. Cordero*, 683 A.2d 567, 571 (N.J. Super. Ct. App. Div. 1996).

Furthermore, ownership of the properties was not legitimately disputed or litigated on the summary judgment motion disposed by the state court opinion that the Sheehans cite. As noted above, the relevant portions were listed as "undisputed."

Finally, as a denial of summary judgment, the cited judgment was not a final judgment. Under New Jersey law, a judgment is final for the purposes of appellate review when it disposes of all claims. *Township of Piscataway v. South Washington Ave., LLC*, 947 A.2d 663, 667 (N.J. Super. Ct. App. Div. 2008). While it may be the case that finality for res judicata purposes is somewhat narrower than finality for purposes of appellate review, it is certainly no broader. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982). A working definition of finality for res judicata purposes is that:

> a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication. Finality will

11

> be lacking if an issue of law or fact essential to the adjudication of
> the claim has been reserved for future determination . . . .

*Id*.

Here, the cited judgment was a denial of summary judgment, which by its nature is provisional – it declines the opportunity to adjudicate a claim prior to trial with the purpose of revisiting the claim upon completing further factual development at trial. Thus, the Sheehans argue res judicata on the basis of a judgment that is not final; indeed, the judgment would not even be final for the purposes of appellate review. For this reason, as well as those outlined above, res judicata is inapplicable.

## VI.  **CONCLUSION**

As outlined above, this matter is governed by clear legal rules applied to undisputed facts. Accordingly, summary judgment is appropriate and Trustee Dobin's motion is granted. The Sheehans' interests in the 3 lots are avoided under 11 U.S.C. § 544.


Dated:  November 18, 2010                    **/S/Raymond T. Lyons**
                                             United States Bankruptcy Judge

> be lacking if an issue of law or fact essential to the adjudication of
> the claim has been reserved for future determination . . . .

*Id*.

Here, the cited judgment was a denial of summary judgment, which by its nature is provisional – it declines the opportunity to adjudicate a claim prior to trial with the purpose of revisiting the claim upon completing further factual development at trial. Thus, the Sheehans argue res judicata on the basis of a judgment that is not final; indeed, the judgment would not even be final for the purposes of appellate review. For this reason, as well as those outlined above, res judicata is inapplicable.

## VI.  **CONCLUSION**

As outlined above, this matter is governed by clear legal rules applied to undisputed facts. Accordingly, summary judgment is appropriate and Trustee Dobin's motion is granted. The Sheehans' interests in the 3 lots are avoided under 11 U.S.C. § 544.


Dated:  November 18, 2010                    **/S/Raymond T. Lyons**
                                             United States Bankruptcy Judge